CARPENTER *v.* CHASE.

A contract for the conditional sale of chattels may be rescinded by the vendor's intentionally giving the vendee to understand that he will pay back to him the amount already paid towards the price, before taking the property back into his possession, when the vendee assents to such new contract, although the vendor did not, in fact, intend to restore the money paid before taking the property on a writ of replevin.

REPLEVIN of a horse. Facts found by the court. In August, 1885, the plaintiff delivered a horse to the defendant, upon the agreement that the defendant would purchase him at the price of seventy-five dollars, to be paid in three payments of twenty-five dollars each, to be made in December, 1885, and March and June, 1886, and upon the condition that the horse was to remain the property of the plaintiff until paid for. The defendant paid the plaintiff twenty dollars in December, 1885, and ten dollars in March, 1886. In June nothing was paid. In September, the day before the commencement of this suit, the plaintiff called on the defendant and demanded the balance due on the horse, which the defendant declined to pay, and the plaintiff stated that he should take the horse. The defendant replied that the plaintiff could take the horse if he would pay back the thirty dollars he had received towards the price. After some controversy the plaintiff called the attention of a witness to the statement of the defendant that he (the plaintiff) could have the horse by paying back the thirty dollars paid by the defendant, and then stated that he

should come the next day and take the horse. It was not the intention of the plaintiff to pay back the thirty dollars when he made this statement, but he intended that the defendant should understand that he was coming the next day to pay back the money he had received and take the horse; and the defendant so understood it, and such was the reasonable interpretation of the plaintiff's language. The plaintiff's purpose was to replevy the horse, and his object in making the statement was to induce the defendant to have the horse at home when the officer came to replevy him, as he did the next day.

If the action can be maintained, the plaintiff should have judgment for one dollar damages and costs; otherwise there should be judgment for the defendant for thirty dollars damages, with interest from September 11, 1886, the date of the writ and costs.

*Chase & Streeter*, for the plaintiff.

*Albin & Martin*, for the defendant.

SMITH, J.    If, when the plaintiff demanded payment of the balance due and payment was refused, nothing more had been said or done, the defendant's right to the possession of the horse would thereupon have terminated. All that was said and done at the time of this conversation is to be considered in determining what binding understanding was reached by the parties.

The defendant had the right to withdraw his refusal to pay the balance of the purchase-money before his refusal was acted upon. Instead of insisting upon that right, he began negotiations which resulted in a rescission of the original contract and a new agreement, by which he was released from further payment, and by which the plaintiff was entitled to the return of the horse upon refunding the money which had been paid towards the purchase. The new agreement was a compromise of the controversy as to their respective legal rights in the horse. The plaintiff's intent, that the defendant should understand that the original contract was rescinded, is equivalent to an understanding on his part that it was rescinded. His acceptance of the defendant's proposition to rescind was inconsistent with his purpose to insist upon recovering the possession which he might have claimed by virtue of the demand and refusal. As he could not stand in both positions, the defendant was warranted in understanding that the original contract was rescinded.

The defendant is entitled to judgment for thirty dollars damages, with interest from the date of the writ and costs.

*Case discharged.*

CLARK, J., did not sit: the others concurred.